Parker, C. J.,
delivered the opinion of the Court. Without determining on the propriety of admitting evidence of the declarations of Ezekiel Newhall, tending to defeat the title of the demand-ant, derived directly from him, of which there is certainly reason to doubt; we all think the verdict clearly wrong. For, on the supposition that those declarations were competent evidence, they do not, of themselves, impeach the demandant’s title.
Oliver Newhall, the father, made his deed to Ezekiel Newhall, the son, and thus vested in him the title to the land. This title, thus created, could not be destroyed, to the prejudice of a bona, fide purchaser of Ezekiel, without an actual cancelling of the deed [† which had been given to him. An agreement to rescind the bargain did not rescind it; and, although the deed was returned to the father, and was afterwards retaken fraudulently by the son, the title remained in him as to purchasers.
The mortgage to the demandant was made in 1814. The deed from Oliver to Ezekiel had been then four or five years upon record, and Ezekiel was at that time in * possession of the land. Now to permit him, from whom the title flowed, under such circumstances, to reclaim the land against his own deed, by parol evidence of a secret bargain between him and his grantee, would be to destroy all faith in records and deeds, and to set afloat titles to real estate, which it is the policy of our law to make depend upon solemn and public acts, and not upon loose and uncertain oral testimony. The verdict is set aside, and

A new trial granted.

 Even cancelling the deed would not be sufficient to destroy the grantee’s tita See 9 Pick. 105. — Greenleaf on Evidence, 302, 303, and cases cited. — Ed.]