Jackson, J.
The obvious mistake made by the officer, in the date of his return indorsed on the tenant’s execution, cannot defeat the levy. The certificate, signed by the appraisers, is not a part of the return; excepting as it is made so by the officer, by referring to it in the part which is signed by him. The officer alone is authorized to certify what is done by force of the execution ; and, as it is apparent from his return, that he delivered seizin of the land after the appraisement, although by the dates it would appear to be done before, we must reject one of those dates. It is of no importance which is rejected ; as the appraisement and delivery of seizin would be equally good, whether made on the 10th or on the 22d of January. The levy, in either case, would relate back to the attachment.
As to the original attachments made by the demandant and the tenant, we find it impossible to say that either of them has the priority. The returns of those attachments are in the language of common men, certifying their own doings. Their meaning is to be sought, not in lexicons, nor in the technical forms of law, but in the popular * use of language. It appears to us, that each of them made the attachment, as soon as it could be done, after twelve o’clock at night ; and each intended to certify the fact accordingly.
It is not easy, perhaps, to determine, which of them adopted the most appropriate language for that purpose. But, even if a preference could be discerned, after the critical disquisition of the counsel who have argued this cause, still the question returns, how the two officers understood the words used by them respectively ; and we are sat *426 isfied, from the circumstances of the case, and the tenor of the returns, that they both had the same meaning.
These two attachments, then, are of equal force and validity ; and each party has derived therefrom a title to the land in controversy, which would decide the cause in his favor, but for the title of the other party. In this state of the case, it appears to us, that they must hold in moieties. There is, in Co. Lit. 21, a case in some degree analogous, in which two simultaneous conveyances of the same piece of land are held to operate each on an undivided moiety of the land. There have also been many cases of land devised twice in the same will, to different persons ; some of which cases are collected in a note to the page last cited, and in a note to page 112, in the same book ; and also in a note to Plowd. Comm. 541. In these cases the question was, whether the last devise should revoke the former; or whether both the devisees should take. The former opinion was maintained by Lord Coke ; but it was always taken for granted, that, if this opinion was incorrect, and if the first devise was not revoked, both of the devisees, having an equal title to the whole land, should take in moieties ; and this latter seems to be the settled rule. The principle established or recognized in these cases, and which is obviously founded in justice and common sense, is equally applicable to the case at bar. It is, that, when two men have each a title to the same piece of land, which is apparently perfect, and by which either * might hold the whole, but for an equally good title in the other, they must take each a moiety.
Our statute, directing how joint-tenancies shall be created, (5) would prevent any doubt upon the question, which has sometimes arisen in English cases, whether the parties should take jointly or in common. From the nature of the case, it can never be “ clearly and manifestly the intention of the parties,” that the lands should vest and be held as joint estates, and not as estates in common ; and, where that intention is not so expressed, they will take as tenants in common.
The verdict must be altered according to the agreement of the parties, so as to leave to the tenant, Dow, one half of the thirteen fourteenths, which were taken on his execution ; after which, the demandant, Shove, will hold fifteen fifty-sixth parts of the whole land, Dow will hold thirteen fifty-sixth parts, and the original co-tenant with Witt will hold the remaining twenty-eight fifty-sixth parts, or a moiety of the whole ; and they will be tenants in common in these proportions.

 Stat. 1785, c. 62.