RANDALL *against* CLEAVELAND :

IN ERROR.

Randall
*v.*
Cleaveland.

An action on the case in the nature of waste, is sustainable, by a reversioner, against a stranger, for an injury to the reversionary estate, while in the possession and occupation of the tenant.

In an action on the case, brought by *Cleaveland* against *Randall*, the plaintiff declared, That a certain tract of land in *Enfield*, being in the possession and occupation of one *Charles Chase*, as tenant thereof to the plaintiff, the reversion of which belonged to the plaintiff, the defendant, intending to injure the plaintiff in his reversionary estate in the premises, did, at divers times between the 1st of *April*, 1823, and the commencement of this suit, wrongfully, without the leave and against the will of the plaintiff, plough up his ground, *viz.* the highway in front of the aforesaid land, within half of the width of said highway next adjoining said land, the same then being covered with greensward, and did then and there take and carry away from the plaintiff's said land, *viz.* from part of said highway as aforesaid, and convert to his own use, more than 300 cart-loads of turf ploughed up as aforesaid; by means whereof the plaintiff was greatly injured in his reversionary estate in the premises.

The cause was tried in the superior court, upon the general issue of *Not guilty;* a verdict was had for the plaintiff; and the defendant filed his motion in arrest of judgment for the insufficiency of the declaration. It was adjudged, by the superior court, to be sufficient. To reverse this decision, the present writ of error was brought.

*W. W. Ellsworth* and *S. F. Dixon*, for the plaintiff in error, contended 1. That a reversioner cannot sustain an action against a *stranger* for injuries to his reversionary estate; his remedy being against the tenant, who has his remedy over against the wrong-doer. 1 *Swift's Dig.* 520. *Co. Litt.* 53. *b* 54. *a.* 2 *Inst.* 303. *Attersoll* v. *Stevens*, 1 *Taun.* 183. The reversioner's right to recover, arises by virtue of *privity of contract ;* and where *that* is wanting, he can sustain no action.

2. That as this estate was created by the *act of the party*, who might have provided against the commission of waste by his lessee, and has not done it, he could not, in this case, recov-

er against *the tenant* for waste.   *Moore* v. *Ellsworth*, 3 *Conn.*
*Rep.* 483. 487, 8. 2 *Inst.* 145. 299.   The tenant has an abso-
lute property in  the soil during the continuance of his term.
He may recover against the reversioner himself.

3. That an action on  the case  in the nature of waste, will
not lie against any person, against whom waste will not lie.

*T. S. Williams,* for the defendant in error, contended, 1.
That the reversioner who  had been injured, had  his remedy
against the man who did the injury.   This he argued, first, from
the general principles of law, and from the nature of the action
on the case.   3 *Bla. Comm.* 123. 1 *Swift's Syst.* 21, 2. *Com.
Dig. tit.* Action upon the case. A.   1 *Chitt. Plead.* 49.   The
party whose legal right has  been affected,  has sustained a tem-
poral damage,  by  the wrongful act of the defendant.   Second-
ly, from  authorities.   *Jesser* v. *Gifford,* 4 *Burr.* 2141.   *Jeffer-
son* v. *Jefferson,* 3 *Lev.* 130.    *Biddlesford* v. *Onslow,* 3 *Lev.*
209.   *Panton* v. *Isham,* 3 *Lev.* 360. 4th res.   2 *Roll. Abr.* 551.
*pl.* 3, 4.   2 *Wms. Saund.* 252. *b.*   *Short* v. *Wilson* & al. 13
*Johns. Rep.* 33. 38.

2. That the present form of action, *viz. an action on the case
in the nature of waste,* is the proper remedy ;  a resort to which
obviates all the difficulties in the way of the technical action of
waste.   2 *Wms. Saund.* 252. *b.*   2 *Chitt. Plead.* 371, 379.   8
*Wentw.* 588.   The mistake of Judge *Swift,* in his *Digest,* arose
from inattention to the proper  distinction between these reme-
dies.

DAGGETT, J.   The objection to the declaration is broad,
and goes to the  merits of the action.   The *gravamen* of the
plaintiff, is, that while he had the reversionary interest in the
land described in the declaration, and while the same land was
in the possession and occupation of *Charles Chase,* as his ten-
ant, the defendant, at the times mentioned, without lawful right,
wrongfully ploughed up the turf, gravel and greensward of the
land, and carried away more than 300 cart-loads thereof, to
the injury of his reversionary interest and estate.   The coun-
sel for the plaintiff in error insisted, that a  reversioner cannot
sustain an action against a stranger for injuries to his reversion-
ary estate ;  that his tenant alone  is responsible to him,  in an
action of waste ;  that the relation of landlord and tenant is es-
sential to the action of waste ;  and that the latter, in every case,

Randall
*v.*
Cleaveland.

is liable to the former, for all waste done by him, or by a stranger; and where committed by a stranger, that he is liable to the tenant, in an action of trespass. In support of these positions 1 *Swift's Digest* 520. and *Co. Litt.* 54. *b.* were cited.

There is no doubt that by the common law, as also by the stat. of *Gloucester,* such is the doctrine in the action of *waste;* and therefore, in all discussions as to the right of recovery in *that* action, the rule as stated, is laid down and applied. Lord *Coke* and Judge *Swift,* in their observations, are considering the law in the action of *waste;* in which trespass cannot be sustained, by the reversioner; for he is not in possession; and in which the tenant is considered as responsible for waste done by himself, or a stranger. The action under consideration, however, is *case in the nature of waste,* and unlike the action of waste, in which treble damages were recovered, and by statute, the land also on which the waste was done. In this action, the recovery is for those equitable damages, which are commensurate with the injury. This *action on the case in nature of waste,* I am satisfied is sustainable at common law.

1. The facts alleged are, that the defendant took and carried away large quantities of the soil, earth and gravel from the land of the plaintiff, occupied by his tenant It is not, and cannot be denied, that these acts are injurious to the reversionary estate of the plaintiff. Unlike a bare wrongful entry on land, or mere outrage on the possession of the tenant, for which he might be compensated in the action of trespass, these are permanent injuries, and such as entitle the reversioner to damages from some body; and why not from him who caused the injury? The principle which lies at the foundation of the action on the case, seems broad enough to sustain this declaration. Chief Baron *Comyns, tit.* Action on the case, A. says: "In all cases, where a man has a temporal loss or damage, by the wrong of another, he may have an action upon the case to be repaired in damages." The extent of the injury is the measure of damages. This appears to be an equitable and salutary rule of law.

2. The most approved books of precedents furnish the forms of writs in the action on the case in nature of waste. The declaration in question is agreeable to those forms. 3 *Chitt. Plead.* 434. 8 *Went. Plead.* 588. It is unaccountable that such forms should have been given, by writers of such distinction, if the action were not well known.

*Hartford,*
June
1827.

Randall
*v.*
Cleaveland.

3. The doctrine urged by the defendant in error, and adopted by the Court, is directly established in *Comyn's Dig. tit.* Action on the case, A. *Jefferson* v. *Jefferson,* 3 *Lev.* 131. *Biddlesford* v. *Onslow,* 3 *Lev.* 209. 2 *Roll. Abr.* 551. *pl.* 4, 5. 1 *Chitt. Plead.* 49. 2 *Chitt. Plead.* 371, 379. *Jesser* v. *Gifford,* 4 *Burr.* 2141. In the case last cited, the court say, that an action may be sustained, by one (that is, the tenant) in respect of his possession, and by the other, (that is, the reversioner) in respect to his inheritance, for the injury done to the value of it. The same general principle is laid down in 2 *Wms. Saund.* 252. *b.* in a note. In *Jackson* v. *Pesked,* 1 *Mau. & Selw.* 133. in the court of *King's Bench,* in 1813, it was decided, on a motion in arrest of judgment for the insufficiency of the declaration, in an action on the case, by a reversioner against a stranger, for an injury to his reversionary interest, that the declaration must allege, that the injury was of such a permanent nature as to affect his reversionary right; and for want of such averment, the judgment was arrested. It is not credible, that such a question could have been made, and solemnly argued and decided, unless an action of this description had been familiar to the courts of *Westminster-Hall.*

The counsel for the plaintiff in error have also cited the case of *Attersoll* v. *Stevens,* 1 *Taun.* 183. in support of their objection to this declaration. The marginal note of that case is thus: ''*I. T.* demised land to the plaintiff, at an annual rent for twenty one years, with liberty to dig half an acre of brick earth annually : the lessee covenanted that he would not dig more, *or* if he did, that he would pay an increased rent of 375*l. per* half acre, *being after the same rate that the whole brick earth was sold for.* A stranger dug and took away brick earth; the lessee recovered against him the full value of it. It was held, that he was entitled to retain the whole damages.''

The point now in judgment was not discussed in that case; nor any opinion given in opposition to the doctrine here mentioned. Sir *James Mansfield* and Mr. Justice *Heath* supported a verdict in favour of the tenant for the *whole damage done to the land.* *Chambre,* the other Judge, was for granting a new trial. On an examination of the argument of the judges, it is apparent, that the decision proceeded on the ground of the peculiar covenant in the lease. *Chambre* was very explicit in maintaining the principle now asserted by the defendant in error; and Sir *James Mansfield,* at the outset of his opinion, thus

*Hartford,*
*June,*
*1827.*

*Randall*
*v.*
*Cleaveland.*

remarks: "I concur in far the greater part of the law stated by my brother *Chambre;* but on *the frame of the covenants,* I think the case tolerably clear in favour of the measure of damages adopted on this occasion."

The Court do not see, in this case, any principles adopted in opposition to the authorities cited. It is, then, quite clear, on established decisions, from the precedents of declarations and the sound rules of the common law, that this action on the case is warranted; and that there is, therefore, no error in the judgment of the superior court.

The other Judges were of the same opinion, except BRAINARD, J., who was absent.

Judgment affirmed.