WILLIAM A. HOWE *vs.* EBENEZER WILDER.

A mortgagee, who has assigned the mortgage and indorsed the mortgage note, may, upon the indorsement of the note back to him, and the cancellation of the assignment before it has been recorded, maintain a writ of entry to foreclose the mortgage.

MERRICK, J. This is a writ of entry, brought to recover possession of the demanded premises for the purpose of foreclosing the right of the defendant to redeem the same from a mortgage made by him to the plaintiff. By the production of the mortgage and of the promissory note which it was given to secure, it is conceded that he has shown all that is necessary to enable him to maintain this action, and that he ought to recover judgment therein, unless the defendant in his defence can avail himself of the title acquired by Rufus Hastings by the assignment made by the mortgagee to him. And this, we think, under the circumstances disclosed in the deposition used at the trial, the statements in which are by special agreement of the parties to be taken and considered by the court as true, he cannot be allowed to do. After the indorsement of the note

and the assignment of the mortgage to Hastings, and while he was entitled to all the rights conferred upon him by those conveyances, for a full and valuable consideration he sold and transferred the note to the plaintiff, and at the same time delivered to him the mortgage deed, having first effaced and cancelled the deed of assignment, which had never been recorded. The parties supposed that this cancellation would be equivalent to a reassignment; and it was their intent and purpose in this way to restore to the plaintiff all the rights which he originally acquired and held as mortgagee. In the mean time no other person had in any way become interested in the estate or in the title to it, which was held by any parties to these transactions. And by the sale and transfer of the note, if not by the cancellation of the assignment, Hastings then put it out of his power by any future deed to invest a third person with a title which he could effectually assert against the right of the mortgagor to remain in possession of the estate.

If the plaintiff, after the cancellation of the unrecorded deed of assignment to Hastings, had made a second assignment to another party in good faith and for a valuable consideration, it cannot be denied that his right against Hastings would have been perfect and complete. *Trull* v. *Skinner*, 17 Pick. 213. *Lawrence* v. *Stratton*, 6 Cush. 163. If Hastings is thus effectually precluded from interfering with the title of a second assignee, has he any interest which he can assert, or rights which he can enforce against either the mortgagor or mortgagee? If the principle, suggested by the chief justice in delivering the opinion of the court in the case of *Trull* v. *Skinner*, 17 Pick. 213, and for the rejection of which it would be difficult to assign satisfactory reasons, that an estoppel would arise from the voluntary surrender, by the cancellation of his deed, of the only legal evidence by which his claim to the estate could be established, should be adopted, it would be decisive of the question. In that aspect of the case any claim he might prefer would be considered and treated exactly as if no assignment to him had ever been made, because by his own act he had voluntarily precluded himself from resorting to or availing himself of it.

But there are other grounds upon which it is perfectly clear that Hastings has no interest or right which he can effectually set up or assert against either the mortgagor or mortgagee. He has no possible interest in the question between those parties; for by the sale and transfer of the note to the plaintiff he has lost all right to enforce the payment of it to himself, and by accepting the consideration paid for it has received all that he was ever entitled to have under the assignment. Whatever may be the state or condition of the legal title to the estate, it is equally clear that he has no equitable claim upon or right to disturb the mortgagor or interrupt him in the possession and enjoyment of it. And if he should attempt anything of that kind, as by prosecuting a writ of entry for that purpose, he must necessarily fail to maintain his action, even if it should be taken to be the settled and established law that the cancellation of the deed of assignment neither defeated the title created thereby in the assignee, nor revested it in the assignor. For in pursuing such a suit he has only the rights of a mortgagee, and is limited by the restrictions imposed upon him. He can have only the conditional judgment rendered in his behalf; that is, judgment that he shall have possession of the demanded premises if the mortgagor shall fail within sixty days therefrom to pay him the sum which the court shall upon inquiry find and determine to be his due. Rev. Sts. *c.* 107, §§ 3, 5. If nothing is found due to the plaintiff, it follows by necessary implication, from the provisions of the statute, that he can recover no judgment at all; none to have possession at common law, because that is expressly prohibited; and none under the statute, because where there is no condition to be performed, there can be no failure of performance, and no consequences can follow a contingency which in the nature of things can never occur.

It is thus seen that Hastings has no title by virtue of which he can interfere with the defendant or interrupt him in the possession of the mortgaged premises; and therefore none which the defendant can set up in defence to the plaintiff's action. For if, by the sale and retransfer of the note and the cancellation of the deed of assignment, the latter is rendered useless and ineffectual

to the assignee, the mortgage is not discharged or in any degree affected by these proceedings. If it remains in force, as no one can deny that it does, there must be some party by whom it can be enforced; and as no action can be maintained upon it by Hastings, the assignee, the right of doing so must be vested in the mortgagee, who alone has any interest in it. He may there-fore well be allowed to insist upon having judgment for posses-sion, unless the condition upon which it is made shall be performed. Upon the performance of that condition, by the payment to the plaintiff of the money remaining due upon the promissory note, to which he is confessedly entitled, the mortgage will be discharged and the tenant will be in as of his former estate. In this way the rights of all the parties are severally respected and secured. No one is subjected to a burden, or allowed an advantage, that is not strictly in accord-ance with the provisions of the contracts into which they have respectively entered.

*Conditional judgment to be rendered for the plaintiff.*

*C. G. Stevens,* for the plaintiff, cited Rev. Sts. *c.* 59, §§ 28, 29, 33, and commissioners' report; *St.* 1783, *c.* 37, §§ 1, 4, 6; *Farnsworth* v. *Childs,* 4 Mass. 638; *Sherburne* v. *Fuller,* 5 Mass. 138; *Conway* v. *Deerfield,* 11 Mass. 327; *Dana* v. *Newhall,* 13 Mass. 498; *Marshall* v. *Fisk,* 6 Mass. 24; *Commonwealth* v. *Dudley,* 10 Mass. 403; *Scott* v. *McFarland,* 13 Mass. 311; *Rice* v. *Rice,* 4 Pick. 349; *Cutler* v. *Haven,* 8 Pick. 490; *Holbrook* v *Tirrell,* 9 Pick. 105; *Trull* v. *Skinner,* 17 Pick. 213; *Lawrence* v. *Stratton,* 6 Cush. 163; 1 Greenl. Ev. § 265, note; 4 Cruise Dig. (Greenl. ed.) tit. 32, *c.* 1, § 15, note; *c.* 27, § 19, note; Browne on St. of Frauds, § 60; *Barrett* v. *Thorndike,* 1 Greenl. 73; *Nason* v. *Grant,* 21 Maine, 160; *Tomson* v. *Ward,* 1 N. H. 9; *Farrar* v. *Farrar,* 4 N. H. 191; *Mussey* v. *Holt,* 4 Foster, 248; 2 Story on Eq. § 1016; 4 Kent Com. (6th ed.) 194, & note 1 Hilliard on Mortgages, 103, 215–240, & cases cited; Rev. Sts. *c.* 107, § 29; *Peck* v. *Hapgood,* 10 Met. 172; *Stewart* v. *Clark,* 11 Met. 388; *Amidown* v. *Peck,* 11 Met. 469; *Gibson* v. *Cre-hore,* 3 Pick. 475; *Crocker* v. *Thompson,* 3 Met. 235; *Newcomb* v *Presbrey,* 8 Met. 406.

*P. C. Bacon,* for the defendant, cited Reading of Judge Trow-bridge, 8 Mass. 551; *Goodwin* v. *Richardson,* 11 Mass. 473; *Fay* v. *Cheney,* 14 Pick. 400; *Blanchard* v. *Brooks,* 12 Pick. 57; *Page* v. *Robinson,* 10 Cush. 102; *Clark* v. *Beach,* 6 Conn. 331; Rev. Sts. *c.* 74, § 1, *cl.* 4; *Warden* v. *Adams,* 15 Mass. 236; 4 Cruise Dig. (Greenl. ed.) tit. 32, *c.* 1, § 15, note; *Trull* v. *Skinner,* 17 Pick. 213; *Farrar* v. *Farrar,* 4 N. H. 191; *Barrett* v. *Thorndike,* 1 Greenl. 73; *Holbrook* v. *Tirrell,* 9 Pick. 105.