## Case No. 10,773a.

### PARROTT v. BARNEY et al.

[Deady, 405.] [1]

Circuit Court, D. California. March 31, 1868.

WASTE—PERMISSIVE — BY TENANT AT WILL—BY STRANGER — STATUTES OF MARLEBRIDGE AND GLOCESTER—DEMURRER TO COMPLAINT.

1. Where a demurrer is taken to the complaint, if either count therein is good, it must be overruled.

2. The statutes of Marlebridge and Glocester concerning waste are a part of the common law, brought to this country by the colonists from England.

3. The statute of California (Prac. Act, § 250), which gives an action to the person aggrieved against a tenant who may commit waste, includes permissive waste.

[Cited in Parrott v. Barney, Case No. 10,773.]

4. If a tenant at will commit voluntary waste he is liable not as a tenant but as a trespasser, but for mere permissive waste—a neglect to keep the premises in repair—he is not liable.

5. A tenancy from year to year is not a tenancy at will, but for a term—a prescribed and certain time.

6. When waste is committed by a stranger during the term of the tenant, an action on the case may be maintained therefor, either against the tenant who suffered the waste or the stranger who committed it.

7. An allegation that the defendants held certain premises as tenants thereof to the plaintiffs under a demise to them for a certain rent, imports a tenancy for a term.

[This was an action at law by John Parrott against D. N. Barney and others.]

John Doyle, for plaintiff.

Eugene Casserly, for defendants.

DEADY, District Judge. This action was commenced on March 20, 1867, in the Twelfth district court of the state. On August 21, 1867, the defendants appeared to the action by attorney and petitioned to have the cause removed to this court. On September 21, 1867, the state court made an order allowing the petition for removal. The action has been tried in this court upon the complaint of the plaintiff and the demurrer of the defendants thereto. The complaint contains three counts: From the first count, it appears that on April 16, 1866, the plaintiff was the owner in fee of certain premises in the city of San Francisco, at the corner of Montgomery and California streets, and that the defendants then occupied and possessed certain portions of said premises, under the

---

[1] [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]

plaintiff, "as his tenants thereof from year to year at and under a certain yearly rent"—the reversion thereof being in the plaintiff. That the defendants, during such occupation and possession, at the date aforesaid, "by themselves and their servants, carelessly, negligently, improperly and improvidently introduced and caused and procured to be introduced, and suffered and permitted to be introduced" into the premises certain explosive substances, which, by themselves and servants they so carelessly, negligently, etc., handled, managed, etc., "that the same then and there exploded with great force and violence, and then and there by means and force of the said explosion, broke down, wasted and destroyed divers," etc., "being parcel of the freehold of the said premises so held by them, the said defendants," of the value of $20,000, to the waste and injury of the reversion of the plaintiff and his damage, $20,000, and "against the form of the statute in such case made and provided." The second count alleges that a certain portion of the premises above mentioned, at the date aforesaid, were in the occupation and possession of Gerrit W. Bell and the Union Club, as tenants of the plaintiff's from month to month, the reversion thereof being in the plaintiff; and that the defendants doing business as aforesaid, in premises in the immediate vicinity of those occupied by Bell and the Union Club, caused and suffered the explosion above mentioned to take place, by means whereof, there was broken down, wasted and destroyed, divers, etc., being parcel of the freehold of the said premises, occupied by Bell and the Union Club, of the value of $30,000, to the waste and injury of the reversion of the plaintiff, and his damage $30,000. The third count alleges that a certain portion of the premises was held and occupied by the defendants, at the date aforesaid, as tenants thereof to the plaintiff, under a certain demise and rent, and that Gerrit W. Bell and the Union Club, occupied a certain other portion of the premises as tenants of the plaintiff, the reversion thereof being in the plaintiff; and that the defendants, while occupying the premises aforesaid, caused and suffered the explosion above mentioned to take place, by means whereof there was wasted and destroyed divers, etc., portions of the premises, to the injury of the reversion of the plaintiff, $50,000. The complaint concludes with a prayer for treble damages upon the first count, and single damages upon the others—in all $100,000.

The demurrer is taken "to the complaint," and not any particular part of it. The causes of demurrer assigned, are the same as to each count: that it does not state facts sufficient to constitute a cause of action. If either count in the complaint is sufficient, the demurrer being to the whole must be overruled. 1 Chit. Pl. 664, and note; Weaver v. Conger, 10 Cal. 237. It seems that by the ancient common law, tenants were not liable to an action for waste, except those who were in by operation of law—as tenant in dower or guardian in chivalry. To protect the inheritance against the waste of tenants in, by act of the parties, whether for life or years, the statute of Marlebridge was passed. 52 Hen. III. c. 23 (Year 1267). This statute provided: "Also fermers during their terms shall not make waste, sale or exile of house, woods and men, nor of anything belonging to the tenements, that they have to ferm, without special license had by writing of covenant making mention that they may do it; which thing if they do and thereof be convict, they shall yield full damages and shall be punished by amerciament." 1 Chit. St. pt. 1, 3. This statute proving insufficient, the statute of Glocester was passed. 6 Edw. I. c. 5 (Year 1278). This statute provided: "That a man from henceforth shall have a writ of waste in the chancery against him that holdeth by the law of England, or otherwise, for term of life or for term of years or a woman in dower; and he which shall be attainted of waste shall leese the thing that he hath wasted, and moreover shall recompense thrice so much as the waste shall be taxed at," etc. 1 Chit. St. pt. 2, 1106. These ancient statutes are a part of the common law, brought to this country by the colonists from England. When the migration to America began, they had been in force in the mother country for four centuries, and were then practically as much a part of the English common law as the oldest traditions of the courts. Com. v. Knowlton, 2 Mass. 534; Sackett v. Sackett, 8 Pick. 314; 4 Kent, Comm. 81. These statutes were construed to comprehend permissive as well as commissive waste. To do or make waste in a legal sense includes negligent as well as voluntary waste. The words "shall not make waste," are construed as a prohibition to suffer waste. An averment that waste was committed is supported by proof of negligence from which waste ensued. 10 Bac. Abr. 421, 422; 4 Kent, Comm. 82; 2 Bl. Comm. 283; 2 Saund. 252; Robinson v. Wheeler, 25 N. Y. 259. In this state and at this day the remedy and compensation for waste are prescribed by the practice act (section 250). It reads: "If a guardian, tenant for life or years, joint tenant, or tenant in common of real property, commit waste thereon, any person aggrieved by the waste may bring an action against him therefor, in which action there may be judgment for triple damages." For the defendants it is argued that this section does not include permissive waste—the waste set forth in this complaint. The argument presumes that the phrase "commit waste" must be taken in its narrowest literal signification, and that merely permitting waste, or suffering it to occur, does not bring a tenant within the statute. The California statute is a substantial condensation and enactment of sections 1, 2, 3, and 4 of the New York Revised Statutes. 2 Rev. St. 334. These sec-

tions of the Revised Statutes are a substantial copy of the statutes of Marlebridge and Glocester, including the subsequent one of 13 Edw. I. c. 22, which made joint tenant or tenant in common liable to his co-tenant for waste. The New York statute of waste, like its English prototype, was construed to include permissive waste. Cook v. Champlain Transportation Co., 1 Denio, 104; Robinson v. Wheeler, 25 N. Y. 259. This California statute must receive the same construction as the English and New York. In enacting the former, it must be presumed that the legislature intended to adopt as a part of it, the current and long established construction of the latter. The statutes all use the same language: "Shall not make waste" (Marlebridge); "be attainted of waste shall leese the thing that he hath wasted" (Glocester); "shall commit waste" (New York); "commit waste" (California). The cases cited by counsel for defendant—Torriano v. Young, 6 Car. & P. 8; Gibson v. Wells, 1 Bos. & P. (N. R.) 290; Holt, N. P. 7—only go to show that at that time the action on the case was not considered a proper remedy for permissive waste. They do not decide that tenant for years was not liable for permissive waste. The action on the case had then almost superseded the writ of waste for commissive waste, but as to permissive waste it was thought by some courts and judges that case would not lie.

Here the distinction between common law actions is abolished, and the ancient writ of waste was never known. The statute declares who shall be liable for waste, and to whom. It also prescribes the remedy and the measure of damages. This remedy is an action against the tenant—practically an action on the case—the circumstances. The action or remedy given is as broad as the statute, and may be maintained by the party aggrieved against the tenant for either commissive or permissive waste. What constitutes waste, the statutes have left to the courts and the common law to determine. The first count alleges a tenancy from year to year. Counsel for the defendants insist that this allegation only amounts to an averment of a tenancy at will, and that, therefore, defendants are not within the statute and not liable for waste. If tenant at will commit voluntary waste, he is not liable as a tenant, but as a trespasser for a trespass. The act of waste being inconsistent with such a tenure, it determines the tenancy or estate, and the tenant is deemed a trespasser. For mere permissive waste—a neglect or failure to keep the premises in repair—a tenant at will was never liable. His time in the premises is too uncertain for the law to impose that burden or duty upon him. The waste complained of in this count, is in one sense, and it may be the only sense, permissive. It was not intentional. Yet it was the direct and immediate result of the positive act of the tenants, and I am not prepared to admit that they are not liable for it as trespassers, even if they were merely tenants at will. But I am satisfied, upon both reason and authority, that the tenancy described in this count is a tenancy for years. All that is necessary to constitute a tenant for years, is, that he have a certain time in the premises, be it for a day or a thousand years. A tenancy from year to year is a tenancy for a definite recurring period, and not at will. During each of such periods it is a tenancy for the time or term of one year. How often it may be renewed and how long continued by such renewal, depends upon the future conduct of the parties, and is, therefore, uncertain. But for the current year—in this case the year of the alleged explosion and waste—these tenants held the premises independent of the will of their landlord. They had a term—a prescribed and certain time in the tenements. They were termors—tenants for a term—a time certain, and not at will. 10 Bac. Abr. 446; 4 Kent, Comm. 111–117; 2 Bl. Comm. 147, notes 12, 13. The defendants being tenants for a year, are within the statute giving the action for waste, and are, therefore, liable to the person aggrieved for waste done or suffered by them during their term. As to waste arising from non-repair merely, the liability of tenant for years would materially depend upon the duration of his term. Between a tenant for a term of one hundred years and one year, I think there should be a marked difference in this respect. But a tenant for one year or one day ought to be liable for waste which results directly from his negligent or unskillful manner of using the property. In the one case the tenant is merely passive, but in the other, in doing a lawful act, without lawful care or skill, he causes affirmative and positive injury to the premises. For instance, a tenant for a term of one year negligently leaves the orchard gate open, so that the beasts of the field enter and destroy the trees, or in conducting water to the garden he negligently or unskillfully allows the stream to undermine the dwelling-house, so as to overthrow it. Technically speaking, this may be what the books call permissive waste —I suppose it is. The result was not intended, but produced by negligence or want of skill. Yet a tenant ought to be liable for such waste without reference to the length or duration of his term. Because it is produced not by a failure to repair, but by positive misconduct. The first count is sufficient, and the demurrer being taken to the whole complaint, must therefore be overruled.

But, in my judgment, the second and third counts are also good.

The second count is simply an action on the case by one who has the inheritance against a stranger, for waste on the demised premises during the term. It having been shown in the consideration of the first count, that the injuries complained of amounted to

waste, for which the tenants were liable to the landlords, whether committed by themselves or others, it follows that the action can be maintained by the landlord, against either the tenant who suffered the waste or the stranger who committed or caused it. 6 Conn. 328; Short v. Wilson, 13 Johns. 37; Attersoll v. Stevens, 1 Taunt. 198. The special objection to the third count is, that the tenancy is not sufficiently alleged. The allegation is substantially, that the defendants held certain portions of the premises as tenants thereof to the plaintiff, under a demise to them, and for a certain rent. The allegation is an unqualified averment that there was a lease to the defendants for a certain rent, payable to the plaintiff, who had the inheritance and immediate reversion. True, it does not affirmatively appear that the lease was for a term of years, and it may have been at will. But the most reasonable conclusion is, that the allegation imports a tenancy for a term. Robinson v. Wheeler, 25 N. Y. 263.

In the course of the oral argument upon the demurrer, the prayer of the complaint was criticised. In passing upon the demurrer I have paid no attention to the prayer of the complaint. In a common law action the demand for relief is a mere matter of form, except it be considered in the light of a proposition to the adverse party. What relief the plaintiff is entitled to, will depend upon the facts stated and the law arising thereon, and not the prayer. Upon this complaint, the plaintiff being entitled to recover something, must have damages commensurate with the injury which the proof may show that he has sustained in consequence of the waste. An action for waste cannot be maintained unless authorized by the statute. The court will take notice of the statute, and the complaint need not notice it or conclude against the form of it. A verdict for the plaintiff should, as in ordinary actions for tort, be for the amount of damage actually sustained. The judgment of the court, by authority of the statute, may be given for treble that sum, or not, depending upon the circumstances of aggravation or mitigation that attended the commission of the waste.

[NOTE. This case was subsequently heard by consent without jury. The court held that there was no negligence on the part of the defendants, and upon the main issue found for them. It appeared during the trial that the defendants, by mistake, had not paid for a part of the repairs contracted by them to be paid for, and so for this sum judgment was given for the plaintiff. Case No. 10,773. The case was then taken, upon writ of error sued out by the plaintiff, to the supreme court, where the judgment of this court was affirmed. 15 Wall. (82 U. S.) 524.]

PARROTT (KNOWLES v.). See Case No. 7,-898.

PARROTT (OFFUTT v.). See Cases Nos. 10,-452 and 10,453.

PARROTT (RICH v.). See Cases Nos. 11,760 and 11,761.

PARROTT (TIBBS v.). See Cases Nos. 14,022 and 14,023.

PARROTT (TREADWELL v.). See Case No. 14,158.

PARROTT (UNITED STATES v.). See Cases Nos. 15,998 and 15,999.

PARRY (BOLLMANS v.). See Case No. 1,-612.