CHARLES P. ADAMS, Respondent, v. WILLIAM M. FARR, Appellant.

*Trespass — who may maintain action of.*

In 1865, Davis and Comstock agreed to convey to one Tallent a saw-mill, together with the machinery therein; the contract providing, that the grantors did not part with, nor was the grantee to acquire, any title or interest in the same, nor was the grantee to remove any of the machinery therefrom, until the whole purchase-money was paid. This action was brought by the plaintiff, who had acquired the title of D. & C., against the defendant for removing portions of the machinery. The defendant justified under a conveyance and license from Tallent. After the delivery of the agreement to Tallent, neither the plaintiff nor his grantors were in possession of the mill. *Held,* that the plaintiff was the legal owner of the property; that Tallent, having no interest therein, could not convey any to the defendant; that his entry was unlawful; and that he was a mere trespasser, against whom plaintiff might maintain an action.

Appeal from a judgment in favor of the plaintiff, entered upon the report of a referee. The facts are stated in the opinion.

*J. B. Finch,* for the appellant, cited *Stuyvesant* v. *Dunham* (9 John., 61); *Frost* v. *Duncan* (19 Barb., 560); *Schermerhorn* v. *Buell* (4 Denio, 424); *Freer* v. *Stotenbur* (36 *Barb.*, 643).

*Cary & Jewell,* for the respondent, cited *Pierce* v. *Hall* (41 Barb., 142); *Gardner* v. *Heartt* (2 id., 165).

MULLIN, P. J. :

This action is brought to recover damages for the unlawful entry of the defendant into a certain stave saw-mill, near the village of Olean, and breaking and carrying away certain chains, bolts, wheels, and other parts of said mill. The answer denies the complaint, and sets up as defenses, the non-joinder of several parties plaintiff.

In October, 1865, the premises and property in question were owned by Davis & Comstock in fee, and on the twenty-first of that month, they executed and delivered to Alfred Tallent, an agreement to sell and convey to him said premises and property, for the sum of $20,000, to be paid in certain installments, mentioned in said contract. It was provided in and by said contract, that the said Davis &· Comstock neither parted with any title or interest in said premises, nor should Tallent acquire any, in law or in equity, until or unless he paid the whole of said purchase-money; and it was further provided that said Tallent should not remove and take away from said premises, any of the machinery or property located on said land, until he should pay for said property. In January, 1868, Davis, who had then acquired the interest of Comstock in said premises, conveyed them to Frank Stowell, subject to the contract to Tallent, excepting therefrom one-fourth part thereof conveyed to Korneman. In 1869, Stowell conveyed the same to Calvin T. Chamberlain. In August, 1869, Chamberlain and wife conveyed to the plaintiff. The one-fourth part, conveyed to Korneman, was by him conveyed to plaintiff in the same month. The defendant justified the taking of said property, under a sale of the same to him by Tallent, in July, 1868. Neither Stowell, nor any one claiming under him, was in possession of said premises and property, after the agreement to sell to Tallent in 1865.

The mill was not operated after 1868. Upon these facts, it must be held that the plaintiff was the legal owner of the property, and that the defendant was not, at the time of the removal thereof from the mill. The only remaining question, then, is, can the plaintiff, not being in the actual possession of said mill and property, maintain an action for the illegal entry upon the real estate, and the severance and removal of the machinery, etc., therefrom. Tallent, having no interest in said premises and property, could not convey any to the defendant. Their entry and removal of the property were

unlawful. They were wrong-doers; and the plaintiff is the only person who can maintain an action against them, or either of them.

The appellant's counsel insists that the action is trespass, and that form of action can only be maintained by the person in the actual possession; and, as Tallent was in the actual possession, and the plaintiff was not, at the time of the illegal entry, the latter cannot maintain the action. If we are right in holding that Tallent never had the legal right to the possession of said property, as against the plaintiff and his grantors, the very ground-work of this branch of the defense fails. The legal title draws after it the right to immediate possession, and such right is sufficient to maintain trespass against one entering without right.*

If the referee was right, in holding as matter of fact that the personal property removed by the defendant, was so annexed to the mill as to become part of it, the removal of it was an injury to the reversionary interest of the plaintiff, if Tallent can be said to be in the actual possession. For an injury to such an interest, an action on the case lay at common law, and possession was not necessary to maintain such an action.†

The plaintiff was clearly entitled to recover, and the judgment must be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed.

* 1 Chitty Pl., 72.
† 1 Chitty Pl., 72, 160; Randall v. Cleaveland, 6 Conn., 328; Robinson v. Wheeler, 25 N. Y., 252.