## ADAMS V. FARR.

*Parties — action for wrongful entry upon real estate — who may maintain — Possession.*

The owner of a mill contracted to sell it to T. at a specified price, T. to take possession but not to own the mill or the machinery until the price was paid. T. took possession. Subsequently, the mill was conveyed by the owner to one S., who conveyed to plaintiff, who took subject to the contract with T. After the conveyance to S., T., without authority, sold some of the machinery to defendants, who entered the mill and took it away. *Held*, that defendants were liable in an action for unlawful entry into and injury to the mill, and that plaintiff was entitled to bring such action, notwithstanding T. was in actual possession of the mill and plaintiff was not.

APPEAL by defendant from a judgment in favor of plaintiff, entered upon the report of a referee.

The action was brought in Cattaraugus county by Charles P. Adams against William M. Farr, to recover for the wrongful and unlawful entering a mill and injuring the machinery, etc. The acts complained of were the removal from such mill of a shingle machine, shafting and pulleys, etc. Sufficient facts appear in the opinion.

*J. B. Finch*, for appellant. Plaintiff being out of possession could not bring action. *Stuyvesant* v. *Dunham*, 9 Johns. 61; *Frost* v. *Duncan*, 19 Barb. 560; *Schermerhorn* v. *Buell*, 4 Den. 424; *Freer*, v. *Stotenbur*, 36 Barb. 643.

*Cary & Jewell*, for respondent.

MULLIN, P. J. This action is brought to recover damages for the unlawful entry of the defendant into a certain stave saw-mill near the village of Olean, and breaking and carrying away certain chains, bolts, wheels, and other parts of said mill. The answer denies the complaint, and sets up as defenses the non-joinder of several parties defendants.

In October, 1865, the premises and property in question were owned by Davis & Comstock in fee, and on the twenty-first of that month they executed and delivered to Alfred Tallent an agreement to sell and convey to him said premises and property for the sum of $20,000, to be paid in certain installments mentioned in

said contract. It was provided in and by said contract that the said Davis & Comstock neither parted with any title or interest in said premises, nor should Tallent acquire any in law or in equity until or unless he paid the whole of said purchase-money, and it was further provided that said Tallent should not remove and take away from said premises any of the machinery or property located on said land until he should pay for said property. In January, 1868, Davis, who had then acquired the interest of Comstock in said premises, conveyed them to Frank Stowell, subject to the contract to Tallent, excepting therefrom one-fourth part thereof conveyed to one Korneman. In 1869, Stowell conveyed the same to Calvin T. Chamberlain. In August, 1869, Chamberlain and wife conveyed to the plaintiff. The one-fourth part conveyed to Korneman was by him conveyed to plaintiff in the same month.

The defendant justified the taking of said property under a sale of the same to him by Tallent, in July, 1868. Neither Stowell nor any one claiming under him was in possession of said premises and property after the agreement to sell to Tallent in 1865. The mill was not operated after 1868.

Upon these facts it must be held that the plaintiff was the legal owner of the property, and that the defendant was not at the time of the removal thereof from the mill. The only remaining question then is, can the plaintiff, not being in the actual possession of said mill and property, maintain an action for the illegal entry upon the real estate and the severance and removal of the machinery, etc., therefrom. Tallent having no interest in said premises and property could not convey any to the defendant. His entry and removal of the property was unlawful. He was a wrong-doer, and the plaintiff is the only person who can maintain an action against him.

The appellant's counsel insist that the action is trespass, and that that form of action can only be maintained by the person in the actual possession, and as Tallent was in the actual possession and the plaintiff was not at the time of the illegal entry, the latter cannot maintain the action. If we are right in holding that Tallent never had the legal right to the possession of said property as against the plaintiff and his grantors, the very ground-work of this branch of the defense fails. The legal title draws after it the right to immediate possession, and such right is sufficient to maintain trespass against one entering without right. 1 Chitty's Pl. 72.

If the referee was right in holding as matter of fact that the personal property removed by the defendant was so annexed to the mill as to become part of it, the removal of it was an injury to the reversionary interest of the plaintiff if Tallent can be said to be in the actual possession. For an injury to such an interest an action on the case lay at common law, and possession was not necessary to maintain such an action. 1 Chitty's Pl. 72, 160; *Randall* v. *Cleaveland*, 6 Conn. 328; *Robinson* v. *Wheeler*, 25 N. Y. 252.

The plaintiff was clearly entitled to recover, and the judgment must be affirmed.

*Judgment affirmed.*