RIDDLE v. GEORGE & a.

A voluntary surrender of premises by the mortgagor, and an entry by the mortgagee, after a decree of foreclosure, is not an entry "under process of law."

Where two mortgages upon the same estate were executed and recorded simultaneously, each is a first and second mortgage of a moiety.

In case of two simultaneous mortgages, if, as between the mortgagees, an equitable priority exists in favor of one, and the other assign for value, and the assignee has no notice, actual or constructive, of such priority, he will take his mortgage, discharged of the equity.

IN EQUITY. The cause was sent to a referee, who reported, in substance, that on May 6, 1856, in pursuance of a prior agreement between Hiram Mace, James George and his wife Nancy, and Joseph Kennard, Mace deeded a farm to Nancy for $1,200, but not to hold to her sole and separate use, free from the interference and control of her husband. Kennard loaned Nancy and James $910 to pay to Mace towards the purchase-money, and took Nancy's note, and a mortgage on the farm to secure its payment; and said Nancy gave to Mace her note for the balance, $290, which she secured by a mortgage on the farm. Kennard delivered the money to Mace, and it was verbally agreed, by all the parties, that Kennard's mortgage should have a priority. All this was done at the same time, and was one transaction. In December, 1861, Kennard filed his bill in equity to foreclose his mortgage, and, at the June term, 1863, obtained a decree of foreclosure against said James and Nancy, but no writ of possession was issued. See *Kennard* v. *George*, 44 N. H. 440. On June 13, 1864, James and Nancy, not having paid the mortgage debt, surrendered the farm to Kennard, who took possession under his decree for the purpose of foreclosing his mortgage, and continued in the actual peaceable possession thereof till May 20, 1867, when he sold, and his title, through mesne conveyances, came to Emma M. Weir, wife of William W. Weir,—two of the defendants,—May 22, 1867, by deed of warranty for a valuable consideration. He made no publication under the statute.

December 27, 1860, Mace sold and assigned, by deed, his note and mortgage to one Morse; and February 16, 1861, Morse assigned the same to the plaintiff, who obtained a decree of foreclosure against said Nancy and James, in August, 1873.

Both mortgages were executed at the same time, in Kennard's presence, and with his knowledge, and were left with the attorney who drafted them to be sent for record;—and they were sent for record, and were recorded simultaneously, May 7, 1856.

When the plaintiff took his assignment of the Mace note and mortgage, he had no notice or knowledge of the verbal agreement that the

Kennard mortgage should have priority. The plaintiff gave for the Mace note and mortgage a judgment and execution for $114 against one Perry, who had no visible property, and a note for $40, which was paid. The plaintiff, at the time he purchased the Mace note and mortgage, knew there was a contest because James George had not executed them, but believed that in the end the notes would have to be paid.

*Charles R. Morrison*, for the plaintiff.

*Briggs & Huse, Sulloway & Topliff, Geo. Y. Sawyer, Jos. B. Clark,* for the defendants.

BINGHAM, J. I. It is quite plain that it was the purpose of Kennard to foreclose his mortgage under the first mode named in *s*. 1, *c*. 1530, of the Laws of 1854, which provides for an entry into the mortgaged premises " under process of law," and holding the continued actual possession thereof for one year. Kennard did not enter under " process of law," but upon the voluntary surrender of the mortgagee. His possession was by consent, without process. And to have made a valid foreclosure, he should have published notice, as is required by the second mode named in said section. *Hall* v. *Hall*, 46 N. H. 243; *Bellows* v. *Stone*, 14 N. H. 175.

II. The plaintiff was the actual owner of the Mace note and mortgage, uncancelled, and in every respect as legal and binding, as against James and Nancy George, as when they were first made. The objection, that James George did not join in the execution of either mortgage, affected quite as seriously the validity of the Kennard as the Mace mortgage. *Eaton* v. *George*, 40 N. H. 258; S. C., 42 N. H. 375. The mortgages were executed and recorded simultaneously. This gave them equal rights—Co. Lit. 21; 1 Hilliard on Mortgages 322—rights not unlike those acquired by several creditors in the case of a simultaneous attachment of real estate. *Sigourney* v. *Eaton*, 14 Pick. 414; *Shove* v. *Dow*, 13 Mass. 528; *Thurston* v. *Huntington*, 17 N. H. 438.

Admitting that the verbal agreement gave a priority to the Kennard mortgage, as between the mortgagees, what is the condition of the title under the mortgages as held by these parties? The Kennard mortgage was not foreclosed, and the defendants may be considered as if they were its assignees for value, May 20, 1867, the day on which Kennard conveyed. We think that, upon the case, the plaintiff, February 16, 1861, became the assignee of the Mace note and mortgage for a valuable consideration, without notice of the existence of any equities between the original mortgagees. Thus, both mortgages are now held by the parties as assignees; but the Mace mortgage was assigned first, and while Kennard was the owner of the defendant's mortgage. The right of priority, as between the original mortgages, was an equitable, not a legal, right. A purchaser of property for a

valuable consideration, without notice, actual or constructive, of an equitable right, will hold the property discharged of the right. Perry on Trusts, s. 218, and the authorities cited in the note; *Conn.* v. *Bradish*, 14 Mass. 296; *Somes* v. *Brewer*, 2 Pick. 184; *Kingsbury* v. *Smith*, 13 N. H. 118; *Dana* v. *Newhall*, 13 Mass. 498; *Clark* v. *Hobbs*, 11 N. H. 122; 4 Kent Com. 150, 154; Story Eq. Jur., s. 1020. As between these parties, the Kennard has legally no priority over the Mace mortgage, and, legally, each mortgage is a first and second mortgage of a moiety.

Case discharged. Decree to be entered upon the report at the trial term, in accordance with these views.

FOSTER and STANLEY, JJ., did not sit.